IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JESSICA TAYLOR,　　Plaintiffs,　v.　JRN, INC. d/b/a KENTUCKY FRIED CHICKEN　　Defendant. | Civil Action No. _____　　JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff files this Complaint against her former employer, Defendant JRN, INC. d/b/a Kentucky Fried Chicken ("KFC" or "Defendant"). Plaintiffs allege that Defendant discriminated and retaliated against the Plaintiff in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"). Plaintiff shows the Court as follows:

## THE PARTIES

1. Plaintiff is a white female.

2. Plaintiff was an employee of KFC.

3. She began working for a KFC restaurant located at 6760 Veterans Parkway, Columbus, GA 31909 in June 2019.

4. Plaintiff's W-2 reflects that the entity that paid Plaintiff was a corporation named "JRN INC". See Plaintiff's W-2 "Exhibit A".

5. JRN INC. does not appear to be a corporation licensed within the State of Georgia as required by OCGA§ 14-2-1501.

6. Upon information and belief, JRN INC. is a foreign Tennessee corporation without proper licensure to operate in the state of Georgia.

7. Upon information and belief, JRN INC. operates the Kentucky Fried Chicken restaurant located at 6760 Veterans Parkway, Columbus, GA 31909 that employed Plaintiff.

8. Defendant may be served with process through its principal place of business 6760 Veterans Parkway, Columbus, GA 31909, or by other legal means.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction over Plaintiffs' claims, pursuant to 28 U.S.C. § 1331. Plaintiff further invokes the pendent jurisdiction of the Court pursuant to 28 U.S.C. § 1367 to hear and decide his/her claims arising under Georgia law.

10. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this Court. The unlawful employment practices described herein were committed within the above cited division of this district.

11. Defendant is an "employer" within the meaning of the Title VII and Section 1981 and is subject to both statutes.

## ADMINISTRATIVE EXHAUSTION

12. Plaintiff has satisfied all administrative prerequisites for bringing her claims in this Court.

13. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (See "Exhibit B")

14. The EEOC has issued a Notice of Right to Sue. (See "Exhibit C")

15. Plaintiff timely brings this suit within ninety (90) days of receipt of her Notices of Right to Sue.

## FACTUAL ALLEGATIONS

16. KFC is a corporation that runs a restaurant located at 6760 Veterans Parkway, Columbus, GA 31909.

17. KFC employed 15+ employees for each working day in each of twenty or more calendar weeks from 2018 throughout 2019.

18. KFC is an employer subject to comply with Title VII.

## SEXUAL HARASSMENT

19. During the course of Plaintiff's employment, KFC employed an African American male manager named Jeffrey Jamal Harvey ("Jeff").

20. Around August 2019, Jeff began to sexually harass the Plaintiff.

21. Specifically, Jeff would follow Plaintiff around the workplace and make sexually explicit comments to Plaintiff.

22. The comments Jeff made were unwelcome by Plaintiff and made her feel uncomfortable.

23. Jeff's comments were directed to Plaintiff due to her gender.

24. The sexual harassment experienced by Plaintiff had the effect of unreasonably interfering with Plaintiff's work performance by creating an intimidating, hostile, and offensive working environment that affected Plaintiff's psychological well-being.

25. Specifically, Jeff's comments to Plaintiff were both pervasive and severe such that they were enough to create a work environment that a reasonable person would consider intimidating, hostile, or abusive.

26. During the course of Plaintiff's employment, KFC employed an African American General Manager named Wonda.

27. Plaintiff reported Jeff's sexual harassment to Wonda.

28. Wonda told Plaintiff that she would investigate but Plaintiff saw no evidence of an investigation.

29. During Plaintiff's employment, KFC also had an African American male manager named Glenn.

30. On Sunday, August 25, 2019, Plaintiff was working.

31. On Sunday, August 25, 2019, Jeff was working.

32. On Sunday, August 25, 2019, an assistant general manager named Kenneth was working. ("Kenneth")

33. During Plaintiff's shift on or about August 25, 2019, Jeff came up behind Plaintiff and grabbed her buttock.

34. Plaintiff made another complaint of sexual harassment to Kenneth.

35. In addition to telling Kenneth, Plaintiff also contacted Glenn and Wonda and told them how Jeff sexually assaulted her.

36. When Plaintiff again saw no action by management to protect her from the sexual harassment, and sexual assault she was facing, Plaintiff contacted the police.

37. The police investigated Plaintiff's allegations and arrested Jeff.

38. Jeff ended up pledging guilty to assaulting Plaintiff.

## RACE DISCIMINATION

39. Plaintiff's race is Caucasian.

40. KFC's employees were predominantly African American.

41. KFC's management was predominantly African American.

42. Plaintiff was qualified for her position.

43. After Jeff's arrest Plaintiff's managers were upset with her.

44. After Jeff's arrest, Plaintiff's mangers called Plaintiff racist names.

45. After Jeff's arrest, Plaintiff's managers began to assign Plaintiff heavy manual labor that similarly situated non-Caucasian did not have to perform and for which Plaintiff didn't have to perform until she made a complaint of sexual harassment.

46. Further, when Jeff got out of jail, Jeff would come to KFC and taunt Plaintiff.

47. Plaintiff received no job performance counseling before her complaints of discrimination.

48. On October 30, 2019, Plaintiff was terminated.

49. Plaintiff was the victim of disparate treatment due to her race.

50. Plaintiff's termination was due to her race and the other factors outlined in this lawsuit.

51. Other similarly situated non-Caucasian individuals were treated more favorably or not subjected to the same treatment as Plaintiff due to her race.

52. Plaintiff complained to KFC about race discrimination, but no action was taken to alleviate the discrimination or to protect the Plaintiff.

53. Further, Plaintiff was harassed due to her race.

54. Specifically, co-workers and managers would commonly make racist comments to Plaintiff.

55. The comments her co-workers made were unwelcome by Plaintiff and made her feel uncomfortable.

56. The comments were directed to Plaintiff due to her race.

57. The racial harassment experienced by Plaintiff had the effect of unreasonably interfering with Plaintiff's work performance by creating an intimidating, hostile, and offensive working environment that affected Plaintiff's psychological well-being.

58. Specifically, the comments to Plaintiff were both pervasive and severe such that they were enough to create a work environment that a reasonable person would consider intimidating, hostile, or abusive.

59. For example, on October 24, 2019, an African American co-worker called a relative/friend and had the person come to the store and assault Plaintiff due to her race.

60. Again, this was all reported to KFC, but KFC took no action.

## RETALIATION

61. Plaintiff engaged in multiple complaints of both race discrimination and sexual harassment. Including but not limited to her multiple complaints to managers, and her complaint to the police.

62. Shortly after her complaints Plaintiff suffered multiple material adverse actions.

63. For example, after Plaintiff's complaints, her hours were cut.

64. For example, after Plaintiff's complaints, she was assigned materially less desirable work assignments.

65. For example, after Plaintiff's complaints, her co-workers and managers began to treat her much more harshly, rudely, and disrespectfully.

66. For example, after Plaintiff's complaints, she was physically assaulted.

67. The above-described adverse actions would not have occurred but for her complaints of race discrimination, or sexual harassment.

68. On October 30, 2019, Plaintiff was terminated in further retaliation for her complaints of sexual harassment and race discrimination.

69. Defendant violated Section 1981 and Title VII by discriminating against Plaintiff as set forth above and by terminating her employment for pretextual reasons and replacing her with less qualified non-Caucasian employees.

70. Defendant acted with malice and/or with reckless indifference to Plaintiffs' federally protected rights.

## COUNT I: SEXUAL HARASSMENT

71. Plaintiff incorporates by reference the preceding Paragraphs as if fully restated herein.

72. As a woman, Plaintiff is a member of protected groups.

73. As detailed above, throughout her employment with Defendant, Plaintiff was subjected to sexual harassment by Defendant's employees and management.

74. All the above-described conduct was unwelcome, offensive, and intimidating to Plaintiff, further it was open, obvious and in the workplace.

75. Plaintiff complained that the sexually harassing conduct was unwelcome.

76. At all times relevant to this action, Defendants knew or should have known of the sexual harassment endured by Plaintiff and the existence of a sexually harassing work environment and failed to meaningfully remedy the workplace environment to protect Plaintiff.

77. Defendant's willfully and wantonly disregarded Plaintiff's rights. Defendant's actions or inactions were undertaken in bad faith and constitute unlawful intentional gender discrimination in violation of Title VII.

78. As a result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, inconvenience, loss of income and benefits (past and future), humiliation, and other indignities.

79. Plaintiff seeks all remedies available by law or equity.

## COUNT II: RACE DISCRIMINAITON IN VIOLATION OF BOTH TITLE VII AND SECTION 1981

80. Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

81. As detailed above, Plaintiff was subjected to race discrimination by Defendant.

82. Plaintiff complained to Defendant about discrimination she/he was facing, but Defendant chose to take no action

83. Defendant's actions constitute unlawful and intentional race discrimination in violation of both Section 1981 and Title VII of the Civil Rights Act, as amended.

84. Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

85. As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

86. Plaintiff seeks all remedies available by law or equity.

## COUNT III: RETALIATION

87. Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

88. Plaintiff engaged in protected activity as detailed above.

89. After Plaintiff's protected activity as detailed above, she/he suffered materially adverse retaliatory actions.

90. Plaintiff's protected activity was the cause of Defendants materially adverse retaliatory actions.

91. Defendant's adverse actions constitute unlawful retaliation in violation of law.

92. Defendant willfully and wantonly disregarded Plaintiff's rights and Defendant's retaliation against Plaintiff was undertaken intentionally and in bad faith.

93. As a result of Defendant's unlawful actions, Plaintiff has suffered lost compensation and other benefits of employment, significantly diminished employment opportunities, emotional distress consisting of, but not limited to, outrage, shock, and humiliation, inconvenience, loss of income, and other indignities.

94. Plaintiff seeks all remedies available by law or equity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY and the following relief:

a) A declaratory judgment that Defendant's practices complained of herein violated Plaintiff's rights under the law;

b) A permanent injunction enjoining Defendants, their officers, agents, successors, employees, attorneys, and those acting in concert with them, from engaging in any employment practice or policy which discriminates against the Plaintiff and others similarly situated because of the exercise of their rights under Title VII or because of their participation in this lawsuit;

c) Judgment in Plaintiff's favor and against Defendant(s) under all Counts of this Complaint;

d) Award Plaintiff(s) lost wages and benefits and other inequities resulting from Defendant's violations of the law;

e) Award Plaintiff front pay damages or her reinstatement.

f) Award Plaintiff compensatory damages

g) Order Defendant to make the Plaintiff whole by providing her out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Defendants'

unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

    h)    Grant to Plaintiff reasonable attorney's fees together with any and all other costs associated with this action as provided by Title VII and state law violations;

    i)    Award Plaintiff nominal damages, and

    j)    Such other further relief as the Court deems just and proper.

Respectfully submitted this 16th day of August, 2022.

/s/ J. Stephen Mixon
J. Stephen Mixon, Jr.
Georgia Bar Number 514050
The Mixon Law Firm
3344 Peachtree Rd. NE, Suite 800
Atlanta, GA 30326
770-955-0100
steve@mixon-law.com
Counsel for Plaintiffs